IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONIL R.C., <br><br>         Petitioner, <br><br>    vs. <br><br> WARDEN, GOLDEN STATE ANNEX DETENTION CENTER, <br><br>         Respondent. | Civil No. 1:26-cv-03612-MWJS <br><br> ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT <br><br> A# 055-830-186 |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT**

Petitioner Ronil R.C.[1] petitions for a writ of habeas corpus under 28 U.S.C. § 2241, Dkt. No. 1, and moves for a temporary restraining order, Dkt. No. 2.  He has maintained lawful permanent resident status in the United States since August 28, 2004, and has continuously resided in the United States since then.  But because he has a criminal conviction, the government has held him in immigration custody since April 2026, while he undergoes removal proceedings.

Petitioner now invokes this court's habeas jurisdiction, challenging the lawfulness of his detention.  But he does not appear to dispute that his detention is

---

[1]      For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

mandatory as a matter of statutory law.  As Petitioner himself concedes, *id.* at pg. 12, he was convicted in 2022 of the felony of forcible oral copulation and injuring a spouse, cohabitant, or fiancé, in violation of §§ 287(c)(2)(a) and 273.5(a) of the California Penal Code.  That prior conviction makes him subject to mandatory detention under the Immigration and Nationality Act, in particular 8 U.S.C. § 1226(c)(1)(A).  And as the government notes, Petitioner "does not dispute the plain terms of the statute." Dkt. No. 8, at pg. 2.  Nor could he dispute those plain terms, for as the Supreme Court held in *Jennings v. Rodriguez*, 583 U.S. 281 (2018), noncitizens detained under § 1226(c) have no statutory entitlement to bond hearings.[2]

Instead, Petitioner brings an as-applied constitutional due process challenge to his detention.  It is true, as Petitioner observes, that "[s]tatutory authority to detain is a threshold matter distinct from whether the application of that statute in a particular case satisfies [constitutional] due process." Dkt. No. 9, at pg.2.  And it is also true, as he notes, that while the Supreme Court in *Demore* held that § 1226(c) is facially constitutional, it left open the possibility of individualized constitutional challenges to prolonged detention.  *See id.* at 526 (holding that the government may detain a noncitizen under § 1226(c) for the "limited period necessary for their removal

---

[2]      To the extent Petitioner sought to challenge his classification under § 1226(c), that is a challenge he would need to raise, at least in the first instance, with immigration authorities rather than with a court.  *See Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003) (explaining that petitioners have the right, in administrative immigration proceedings, to request a "*Joseph* hearing" to challenge whether they are covered by § 1226(c)).

proceedings"); *see also id.* at 532 (Kennedy, J., concurring) (explaining that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified").[3]

At least at this stage, Petitioner has not presented a persuasive individualized constitutional challenge. To be sure, judges have reached different conclusions about what standards ought to govern constitutional challenges of that sort. *See generally Keo v. Warden of the Mesa Verde Ice Processing Ctr.*, Case No. 1:24-cv-00919, 2025 WL 1029392, at *5 (E.D. Cal. Apr. 7, 2025) (summarizing precedents). But the current record does not support Petitioner's claims under even the most generous possible standards. Petitioner has been in custody for less than two months. He offers no evidence that the government has been the cause of any delay in his removal proceedings, or that there is any reason to fear there will be delay in the future. On this record, regardless of precisely what legal standards the court adopts, Petitioner's constitutional claims cannot prevail at this time.

For these reasons, the petition is DENIED and the motion for a temporary restraining order is DENIED as moot. This ruling does not, of course, preclude

---

[3]     The Court in *Jennings* likewise declined to rule on the question of whether § 1226(c)'s mandatory decision provisions might, in individualized circumstances, become unconstitutional as applied. *See* 583 U.S. at 312.

3

Petitioner from petitioner for a writ of habeas corpus in the future, after a longer period of detention and a more fully developed factual record.

The Clerk of Court is DIRECTED to close this case and enter judgment for Respondent.

IT IS SO ORDERED.

DATED:  May 27, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-03612-MWJS; *Ronil R.C. v. Warden of Golden State Annex*, et al.; ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER